# EXHIBIT B

**NOTICE OF REMOVAL**

**THE GREEN FIRM, P.C.**
Noah Green (SBN 218643)
301 E. Colorado Boulevard, Suite 708
Pasadena, CA 91101
(626) 395-7686
noah@gspattorneys.com

*Attorneys for Defendants and
Cross-Complainant,* HAO ZHENG

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/18/2024 12:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By M. Gonzalez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

|  |  |
|---|---|
| M.M., <br><br> Plaintiff, <br><br> vs. <br><br> HAO ZHENG; HOLLYWOOD AND VINE RESIDENCES ASSOCIATION; and DOES 1-30, <br><br> Defendants. | Case No. 24STCV17698 <br><br> **VERIFIED ANSWER OF DEFENDANT HAO ZHENG TO PLAINTIFF M.M.'S VERIFIED COMPLAINT** |

COMES NOW Defendant HAO ZHENG (hereinafter "Defendant" or "Mr. Zheng"), on behalf of himself and for no other defendant, and hereby responds to the Verified Complaint filed by Plaintiff M.M. ("Plaintiff") as follows:

1.      Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 1 of the Complaint and on that basis denies them.

2.      Defendant admits that he resides in Portugal part-time and that he is the owner of the real property located at 6250 Hollywood Boulevard, Hollywood, California, Unit 4k in the County of Los Angeles, State of California and denies the remaining allegations.

3.      Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 3 of the Complaint and on that basis denies them.

1

HAO ZHENG'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT:

4.     Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 4 of the Complaint and on that basis denies them. Furthermore, the allegations as set forth in Paragraph 4 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

5.     The allegations as set forth in Paragraph 5 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

6.     Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 6 of the Complaint and on that basis denies them. Furthermore, the allegations as set forth in Paragraph 6 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

7.     Defendant admits that he previously had a personal relationship with Plaintiff as set forth in Paragraph 7 of the Complaint. The remaining allegations as set forth in Paragraph 7 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

8.     The allegations as set forth in Paragraph 8 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative.

9.     The allegations as set forth in Paragraph 9 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative.

10.     The allegations as set forth in Paragraph 10 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative. Defendant denies acting in a manner in which he knew was in violation of California law as set forth in Paragraph 10 of the Complaint.

///

///

///

2

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

## FACTUAL BACKGROUND

### ZHENG PURCHASED A RESIDENCE FOR PLAINTIFF TO LIVE IN

11.    Defendant admits that he lives in Portugal and is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 11 of the Complaint regarding Plaintiff's domicile, and on that basis denies them. Defendant further denies having purchased the Condo for Plaintiff. The remaining allegations are immaterial and argumentative, and therefore do not require a response.

12.    Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 12 of the Complaint regarding Plaintiff's mental state, and on that basis denies them. Although Plaintiff did care for Defendant's son, Defendant denies that such childcare arrangement was voluntary but rather was the result of Plaintiff's wrongful, deceitful, and intentional actions. Defendant denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13.    Information regarding ownership of real property is public record and therefore this information speaks for itself. Defendant admits that he maintained a residence in Portugal and traveled for business, as set forth in Paragraph 13 of the Complaint. Although Plaintiff did care for Defendant's son, Defendant denies that such childcare arrangement was voluntary but rather was the result of Plaintiff's wrongful, deceitful, and intentional actions. Defendant denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14.    Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 14 of the Complaint regarding the actions of the Defendant Association and/or Plaintiff, and on that basis denies them. Although Plaintiff did care for Defendant's son, Defendant denies that such childcare arrangement was voluntary but rather was the result of Plaintiff's wrongful, deceitful, and intentional actions. Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.    Defendant admits that Plaintiff sent him an invoice on or about October 10, 2023, and denies that Plaintiff is entitled to any compensation or reimbursement. Defendant denies

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

that he owes Plaintiff "hundreds of thousands of dollars" as set forth in Paragraph 15 of the Complaint. Although Plaintiff did care for Defendant's son, Defendant denies that such childcare arrangement was voluntary but rather was the result of Plaintiff's wrongful, deceitful, and intentional actions. Defendant denies the remaining allegations set forth in Paragraph 15 of the Complaint. Furthermore, the remaining allegations as set forth in Paragraph 15 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative.

### PLAINTIFF LEARNED THAT ZHENG HAD BEEN SPYING ON HIM WITH A HIDDEN CAMERA IN PLAINTIFF'S BEDROOM

16. Defendant admits to placing a security system in the Condo and denies that Plaintiff had permission and/or authorization to be in the primary bedroom of the Condo. Defendant is without sufficient knowledge and/or information with respect to the allegations regarding Plaintiff's knowledge and actions as set forth in Paragraph 16 of the Complaint and on that basis denies them. Furthermore, the remaining allegations as set forth in Paragraph 16 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative.

17. Defendant admits that, on or about November 15, 2023, he sent text message correspondence to Plaintiff. Defendant is without sufficient knowledge and/or information with respect to the allegations regarding Plaintiff's knowledge, mental state, and actions as set forth in Paragraph 17 of the Complaint and on that basis denies them. Although Plaintiff did care for Defendant's son, Defendant denies that such childcare arrangement was voluntary but rather was the result of Plaintiff's wrongful, deceitful, and intentional actions. Defendant denies the remaining allegations set forth in Paragraph 17 of the Complaint. Furthermore, the allegations as set forth in Paragraph 17 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative.

///

///

///

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT:

## ZHENG RETALIATED BY LOCKING PLAINTIFF OUT OF THE CONDO WHILE PLAINTIFF WAS AWAY ON A WORK-RELATED TRIP

18.     Defendant admits that he was in Los Angeles, California on or about February 14, 2024 and denies the characterization of his actions as set forth in Paragraph 18 of the Complaint.

19.     Defendant admits that, on or about February 15, 2024, Plaintiff contacted the police who met with Plaintiff, Defendant, and the Association at the W Residences. The eviction laws speak for themselves. Furthermore, the allegations as set forth in Paragraph 19 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative.

20.     Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 20 of the Complaint and on that basis denies them. Furthermore, the allegations as set forth in Paragraph 20 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and is further argumentative.

21.     Defendant admit that he requested Plaintiff be denied access to the Condo and denies that Plaintiff was legally entitled to any such access. Defendant further denies the characterization of the communication with the Los Angeles County Police Department as set forth in Paragraph 21 of the Complaint. Defendant also admits that he hired a realtor, and avers that the listing information speaks for itself. Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 21 of the Complaint regarding Plaintiff's alleged personal property in the Condo, and on that basis denies them. Furthermore, the allegations as set forth in Paragraph 21 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis, and these allegations are further argumentative and not factual.

///

///

///

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT:

## ZHENG ALSO RETALIATED BY STEALING PLAINTIFF'S
## 2020 GE ROVER SUV

22. Defendant denies the characterization of having "purchased a vehicle for Plaintiff" as set forth in Paragraph 22 of the Complaint. The sales contract for the Range Rover speaks for itself.

23. Information regarding the owner of record for the Range Rover is public record and speaks for itself. With regard to Plaintiff's allegations as to ownership, consent, and title to the Range Rover, these allegations set forth in Paragraph 23 call for an impermissible legal conclusion and Defendant denies them on that basis. Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 23 of the Complaint regarding Plaintiff's alleged insurance and/or insurance payments, and on that basis denies them. Defendant denies the remaining allegations set forth in Paragraph 23 of the Complaint.

## PLAINTIFF IS ENTITLED TO COMPENSATION FOR PROVIDING 24/7 CARE FOR
## ZHENG'S SON

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint. Furthermore, the allegations as set forth in Paragraph 25 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint. Furthermore, the allegations as set forth in Paragraph 26 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

## FIRST CAUSE OF ACTION
## (RETALIATORY EVICTION V. ZHENG (CIV. CODE § 1942.5))

27. Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint. Furthermore, the allegations as set forth in Paragraph 28 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

6

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint. Furthermore, the allegations as set forth in Paragraph 29 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Complaint. Furthermore, the allegations as set forth in Paragraph 30 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Complaint. Furthermore, the allegations as set forth in Paragraph 31 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

32.     Defendant denies the allegations set forth in Paragraph 32 of the Complaint. Furthermore, the allegations as set forth in Paragraph 32 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

33.     Defendant denies the allegations set forth in Paragraph 33 of the Complaint. Furthermore, the allegations as set forth in Paragraph 33 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

34.     Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 34 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

<b><u>SECOND CAUSE OF ACTION</u></b>

<b><u>(UNLAWFUL SELF-HELP EVICTION V. ZHENG (CIV. CODE § 789.3))</u></b>

35.     Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

36.     The allegations as set forth in Paragraph 36 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

37.     Defendant admits that he instructed the Association to remove Plaintiff's key fob access to the building and denies that Plaintiff was entitled to any use of the premises as afforded to residents as set forth in Paragraph 37 of the Complaint.

7

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

38. Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 38 of the Complaint and on that basis denies them. Furthermore, the allegations as set forth in Paragraph 38 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

39. Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 39 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

40. Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 40 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

## THIRD CAUSE OF ACTION

## (BREACH OF THE COVENANT OF QUIET ENJOYMENT V. ZHENG)

41. Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

42. Defendant avers that Civil Code Section 1940.2(a)(3) speaks for itself. Furthermore, the allegations as set forth in Paragraph 42 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

43. Defendant avers that Civil Code Section 1940.2(a)(4) speaks for itself. Furthermore, the allegations as set forth in Paragraph 43 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

44. Defendant avers that Civil Code Section 1954 speaks for itself. Furthermore, the allegations as set forth in Paragraph 44 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

45. The allegations as set forth in Paragraph 45 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

46. Defendant avers that Civil Code Section 1940.2 speaks for itself. Furthermore, the allegations as set forth in Paragraph 46 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

47. Defendant admits that Plaintiff seeks civil penalties, compensatory damages, special damages, punitive damages, attorneys' fees and costs as set forth in Paragraph 47 of the Complaint, and denies that Plaintiff is entitled to any such relief.

**FOURTH CAUSE OF ACTION**

**(TRESPASS V. ZHENG)**

48. Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

49. The allegations as set forth in Paragraph 49 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

50. The allegations as set forth in Paragraph 50 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

51. Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 51 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

52. Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 52 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint. Furthermore, the allegations as set forth in Paragraph 53 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

**FIFTH CAUSE OF ACTION**

**(CONVERSION V. ZHENG – PERSONAL PROPERTY IN THE CONDO)**

54. Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

55. Defendant is without sufficient knowledge and/or information with respect to the allegations regarding Plaintiff's alleged discovery that "he could no longer access the Condo" and alleged purchase price of any personal property as set forth in Paragraph 55 of the Complaint and on that basis denies them. Furthermore, the allegations as set forth in Paragraph

9

55 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

56.     The allegations as set forth in Paragraph 56 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

57.     Defendant admits that Plaintiff, by and through his counsel, sent correspondence demanding the return of Plaintiff's personal property, but Defendant denies being in possession of any of Plaintiff's personal property.

58.     Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 58 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

59.     Defendant denies the allegations set forth in Paragraph 59 of the Complaint. Furthermore, the allegations as set forth in Paragraph 59 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

## SIXTH CAUSE OF ACTION

### (CONVERSION V. ZHENG – RANGE ROVER)

60.     Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

61.     Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 61 of the Complaint regarding the estimated fair market value of the Range Rover and on that basis denies them. Furthermore, the allegations as set forth in Paragraph 61 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

62.     The allegations as set forth in Paragraph 62 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

63.     Defendant admits that Plaintiff, by and through counsel, demanded return of the Range Rover on or about May 15, 2024 but denies that Plaintiff is entitled to possession of the Range Rover.

///

10

64.   Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 64 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

65.   Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 65 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

**SEVENTH CAUSE OF ACTION**

**(INVASION OF PRIVACY V. ZHENG (CIV. CODE § 1708.8))**

66.   Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

67.   Defendant admits to placing a security system in the Condo and denies that Plaintiff had permission and/or authorization to be in the primary bedroom of the Condo. Defendant is without sufficient knowledge and/or information with respect to the allegations regarding Plaintiff's knowledge and actions as set forth in Paragraph 67 of the Complaint and on that basis denies them.

68.   The allegations as set forth in Paragraph 68 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis

69.   Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 69 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

70.   Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 70 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

71.   Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 71 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

///

///

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

<u>**EIGHTH CAUSE OF ACTION**</u>

<u>**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS V. ZHENG)**</u>

72.    Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

73.    Defendant admits to having removed his child from Plaintiff's care. Defendant is without sufficient knowledge and/or information with respect to Plaintiff's knowledge and actions as set forth in Paragraph 73 of Complaint and on that basis denies them. Defendant denies having any obligation to return any property to Plaintiff and/or provide Plaintiff with access to any personal and/or real property as set forth in Paragraph 73 of the Complaint. Furthermore, the allegations as set forth in Paragraph 73 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

74.    Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 74 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

75.    The allegations as set forth in Paragraph 75 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

76.    Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 76 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

<u>**NINTH CAUSE OF ACTION**</u>

<u>**(CLAIM AND DELIVERY V. ZHENG)**</u>

77.    Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

78.    Defendant is without sufficient knowledge and/or information with respect to the allegation regarding Plaintiff's ownership of personal property in the Condo as set forth in Paragraph 78 of the Complaint and on that basis denies them.  Furthermore, the allegations as set forth in Paragraph 78 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

12

79.     The allegations as set forth in Paragraph 79 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

80.     The allegations as set forth in Paragraph 80 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

81.     The allegations as set forth in Paragraph 81 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

82.     The allegations as set forth in Paragraph 82 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

83.     Defendant is without sufficient knowledge and/or information with respect to the allegation regarding Plaintiff's purchase of personal property for between $15,000 and $20,000 as set forth in Paragraph 83 of the Complaint and on that basis denies them.

84.     Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 84 of the Complaint as these allegations relate to Plaintiff's information and beliefs, and on that basis denies them.  Furthermore, the allegations as set forth in Paragraph 84 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

## TENTH CAUSE OF ACTION

## (BREACH OF CONTRACT V. ZHENG – CHILDCARE)

85.     Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

86.     Defendant admits that, on or about October 10, 2023, Plaintiff sent Defendant an invoice in the amount of $343,908.12. Defendant denies the validity of the alleged invoice and further denies the remaining allegations set forth in Paragraph 86 of the Complaint. Furthermore, the allegations as set forth in Paragraph 86 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

87.     Defendant denies the allegations set forth in Paragraph 87 of the Complaint, and further denies the existence of any such underlying agreement.

///

13

88. Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 88 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

## ELEVENTH CAUSE OF ACTION

## (PROMISSORY ESTOPPEL V. ZHENG CHILDCARE AND RANGE ROVER)

89. Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

90. Defendant denies the allegations set forth in Paragraph 90 of the Complaint. Furthermore, the allegations as set forth in Paragraph 90 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

91. Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 91 of the Complaint as these allegations relate to the vehicle used by Plaintiff to take Zheng's son to school Monday through Friday, and on that basis denies them. Defendant denies the remaining allegations as set forth in Paragraph 91 of the Complaint. Furthermore, the allegations as set forth in Paragraph 91 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

92. Defendant denies the allegations set forth in Paragraph 92 of the Complaint. Furthermore, the allegations as set forth in Paragraph 92 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

93. Defendant denies that Plaintiff is suffering and/or has suffered damages. Furthermore, the allegations as set forth in Paragraph 93 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

94. The allegations as set forth in Paragraph 94 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

///

///

///

///

14

## TWELFTH CAUSE OF ACTION

## (QUANTUM MERUIT V. ZHENG – CHILDCARE)

95. Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

96. Defendant admits that Plaintiff cared for Defendant's child from in or around November 2022 to February 2024; however, Defendant denies that this childcare arrangement was voluntary as the childcare arrangement arose from Plaintiff's wrongful, deceitful, and intentional actions.

97. Defendant denies the allegations set forth in Paragraph 97 of the Complaint. Furthermore, the allegations as set forth in Paragraph 97 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

98. Defendant denies the allegations as set forth in Paragraph 98 of the Complaint.

## THIRTEENTH CAUSE OF ACTION

## (COMMON COUNT: GOODS AND SERVICES RENDERED V. ZHENG - CHILDCARE)

99. Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

100. Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

101. Defendant denies the allegations set forth in Paragraph 101 of the Complaint.

102. Defendant denies that Plaintiff provided any services to Defendant for which compensation was required as set forth in Paragraph 102 of the Complaint, and admits that Defendant has not paid any sums to Plaintiff as no such sums are owed.

103. Defendant denies the allegations set forth in Paragraph 103 of the Complaint. Furthermore, the allegations as set forth in Paragraph 103 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

///

///

///

15

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

### FOURTEENTH CAUSE OF ACTION

### (UNFAIR COMPETITION V. ALL DEFENDANTS (BUS. & PROF. CODE § 17200, ET

### SEQ.)

104.    Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

105.    Defendant denies the allegations set forth in Paragraph 105 of the Complaint. Furthermore, the allegations as set forth in Paragraph 105 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

### FIFTEENTH CAUSE OF ACTION

### (NEGLIGENCE V. ALL DEFENDANTS)

106.    Defendant repeats and re-alleges, as if fully set forth herein, his responses as set forth in each and every preceding paragraph.

107.    Defendant is without sufficient knowledge and/or information with respect to the allegations set forth in Paragraph 107 of the Complaint, and on that basis denies them. Furthermore, the allegations as set forth in Paragraph 107 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

108.    Defendant denies the allegations set forth in Paragraph 108 of the Complaint. Furthermore, the allegations as set forth in Paragraph 108 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

109.    The allegations as set forth in Paragraph 109 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

110.    Defendant denies the allegations set forth in Paragraph 110 of the Complaint. Furthermore, the allegations as set forth in Paragraph 110 of the Complaint call for an impermissible legal conclusion and Defendant denies them on that basis.

///

///

///

///

16

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT:

## GENERAL DENIAL

Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Mr. Zheng denies generally and specifically each and every allegation contained in the Complaint, and the whole thereof. In further answering the Complaint and each and every allegation contained therein, the answering Defendant denies that Plaintiff was damaged in the sum or sums alleged or in any sum at all.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

Defendant is informed and believes, and on that basis alleges, Plaintiff's Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action against Mr. Zheng.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff cannot establish an injury-in-fact or the probability of a future injury, a causal connection between any purported injury-in-fact and the challenged actions of Defendant, or any purported injury that would be redressed by a favorable decision. Further, Plaintiff cannot establish a real and immediate—as opposed to merely conjectural or hypothetical—threat of future injury.

## THIRD AFFIRMATIVE DEFENSE

### ("De Minimis")

Plaintiff's claims are barred because the claimed violations are "de minimis," and nonactionable.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate affirmative defense, Defendant alleges that to the extent Plaintiff has suffered damages, if any, Plaintiff, in the exercise of reasonable diligence, could and should have mitigated the same, and as a result of his failure and refusal to exercise such reasonable

17

diligence, Plaintiff has not mitigated such alleged damages, thereby releasing Defendant from any and all further liability to Plaintiff. By reason thereof, Plaintiff is barred, in whole or in part, from recovering any damages whatsoever from the answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

**(Good Faith)**

Defendant has made a good faith effort to comply with any applicable laws, including but not limited to Civil Code Sections 1942.5, 1708.8, and 1940.2.

### SIXTH AFFIRMATIVE DEFENSE

**(Compliance and Substantial Compliance)**

Defendant is in compliance, or substantial compliance, with the requirements of any applicable laws.

### SEVENTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Defendant is further informed and believes and on that basis alleges, Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

**(Waiver)**

Defendant is further informed and believes, and on that basis alleges, Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrine of waiver due to Plaintiff's knowledge and acts.

### NINTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Defendant is further informed and believes, and on that basis alleges, if Plaintiff suffered any damages, said damages occurred as a proximate result of Plaintiff's own acts, and not as a result of any acts, omissions or conduct of Defendant. By reason thereof, Plaintiff is barred from asserting any or all claims set forth in the Complaint against Defendant by the

18

doctrine of "unclean hands."

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendant is further informed and believes, and on that basis alleges, Plaintiff is estopped by maxims of equity and law from asserting each and every allegation in the Complaint against Defendant by reason of Plaintiff's own acts, omissions and conduct or that of Plaintiff's agents.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative/Contributory Negligence)

Defendant is further informed and believes, and on that basis alleges, Plaintiff's alleged damages, if any, were caused by his own conduct or omissions, and his alleged right to recover from Defendant is barred and/or limited under the doctrine of comparative and/or contributory negligence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Ratification)

Defendant is further informed and believes, and on that basis alleges, that the Complaint against Defendant, and each purported cause of action therein, is barred in whole or in part because Plaintiff previously ratified Defendant's course of conduct and action complained of in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

Defendant is further informed and believes, and on that basis alleges, Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff consented and/or acquiesced to any alleged acts, omissions, or conduct, if any of Defendant, as set forth in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

Defendant is further informed and believes, and on that basis alleges, that Plaintiff is not entitled to receive damages because he did not suffer any damages.

19

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Defendant is further informed and believes, and on that basis alleges, that the Complaint, and each purported cause of action alleged therein, is barred because the damages or injuries allegedly sustained by Plaintiff, if any, were not proximately caused by the acts, omissions, and/or breach of any obligations of Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

As a separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred because any actions undertaken by Mr. Zheng were done under the privilege of private necessity to protect Mr. Zheng's land from destruction and/or damage.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Mistake)

As a separate and affirmative defense, Defendant alleges that Plaintiff's purported causes of action are barred under the doctrine of mistake.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Implied Consent)

Defendant is further informed and believes, and on that basis alleges, Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff impliedly consented and/or impliedly acquiesced to any alleged acts, omissions, or conduct, if any of Defendant, as set forth in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith Actions)

Defendant is further informed and believes, and on that basis alleges, that Defendant acted reasonably, and within the scope of all relevant laws, at all relevant times and in all relevant ways in dealing with Plaintiff. Defendant alleges that all decisions made and actions taken by Defendant were made in good faith, and that Defendant had no intent to injure Plaintiff.

20

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

## TWENTIETH AFFIRMATIVE DEFENSE

### (Fraud)

As a separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred because any actions undertaken by Mr. Zheng were induced by fraud to engage in any of the complained of actions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Right to Add Additional Affirmative Defenses)

Due to lack of information as to the matters set forth in the Complaint, and the lack of specificity of the purported cause of action against Defendants, Defendant has insufficient knowledge or information on which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available and Defendants therefore reserve the right to assert such additional defenses in the event discovery indicates they are proper.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by way of his Complaint;

2.  That the Causes of Action against Defendant be dismissed in their entirety and with prejudice;

3.  That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.  That Defendant be awarded costs of suit incurred therein; and

5.  For such other and further relief as the Court deems just and equitable.

Dated: September 16, 2024 

THE GREEN FIRM, P.C.

By Noah Green,
*Attorneys for Defendant and Cross-Complainant*
*HAO ZHENG*

21

## VERIFICATION

### C.C.P. §§ 446 and 2015.5

I, the undersigned, certify and declare that I have read the foregoing, **VERIFIED ANSWER OF DEFENDANT HAO ZHENG TO PLAINTIFF M.M.'S VERIFIED COMPLAINT,** and know of its contents.

I, Hao Zheng, am a party to this action and make this verification on my behalf.

The matters stated in the document described above are true of my own knowledge and belief, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Executed on September 16, 2024 in Lisbon, Portugal.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____

Hao Zheng

h

22

DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

## PROOF OF SERVICE

I am employed in the County of Los Angeles.  I am over the age of 18 years and not a party to the within action.  My business address is 301 E. Colorado Boulevard, Suite 708, Pasadena, CA 91101.

On the date set forth below, I served the foregoing documents described as **VERIFIED ANSWER OF DEFENDANT HAO ZHENG TO PLAINTIFF M.M.'S VERIFIED COMPLAINT** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Chase T. Tajima, Esq.
Gregory E. Eisner, Esq.
Trepanier Tajima LLP
4605 Lankershim Blvd., Suite 540
North Hollywood, CA 91602
chase@trepaniertajima.com
greg@trepaniertajima.com

☐    **(BY MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒    **(BY ELECTRONIC SERVICE)**
I caused such documents to be emailed to the above addressee's email addresses as stated above.

☒    **(STATE)**
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2024 at Pasadena, California.

Dana Johnson

PROOF OF SERVICE