# EXHIBIT C

**NOTICE OF REMOVAL**

**THE GREEN FIRM, P.C.**
Noah Green (SBN 218643)
301 E. Colorado Boulevard, Suite 708
Pasadena, CA 91101
(626) 395-7686
noah@gspattorneys.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/18/2024 11:52 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Bolden, Deputy Clerk

*Attorneys for Defendants and
Cross-Complainant,* HAO ZHENG

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| M.M., <br><br>       Plaintiff, <br><br>     vs. <br><br> HAO ZHENG; HOLLYWOOD AND VINE RESIDENCES ASSOCIATION; and DOES 1-30, <br><br>       Defendants. <br> _____ <br><br> HAO ZHENG, <br><br>       Cross-Complainant, <br><br>     vs. <br><br> M.M.; and ROES 1-50, <br><br>       Cross-Defendants. | Case No. 24STCV17698 <br><br> **CROSS-COMPLAINT FOR:** <br>  1.  **CONVERSION** <br>  2.  **TRESPASS TO CHATTELS** <br>  3.  **UNJUST ENRICHMENT** <br>  4.  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br>  5.  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

COMES NOW Defendant and Cross-Complainant HAO ZHENG (hereinafter "Cross-Complainant" or "Mr. Zheng"), and brings this Cross-Complaint against Cross-Defendants M.M. and ROES 1 through 50 (together, "Cross-Defendants") and alleges as follows:

1

HAO ZHENG'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT;

## **JURISDICTION AND VENUE**

1.       This is an unlimited civil case, and this Court has jurisdiction over this action because the amount in controversy exceeds $25,000, exclusive of interest and costs.

2.       Jurisdiction and venue are also proper in this Court because the various actions as set forth herein occurred, in part, in this judicial district; the claimed injuries occurred in this judicial district; Cross-Defendant M.M. is domiciled here; and witnesses are likely to reside and be found in this judicial district.

## **PARTIES**

3.       Cross-Defendant M.M., at all relevant times herein, was a part-time resident of Los Angeles County, California.

4.       Cross-Complainant, at all relevant times herein, was the owner of real property in Los Angeles County, California.

5.       The true names and capacities, whether individual corporate, associate or otherwise of cross-defendants Roes 1 through 50 are unknown to Cross-Complainant who, therefore, names said cross-defendant by such fictitious names and Cross-Complainant will ask leave of court to amend the cross-complaint to show the true names and capacities of such fictitiously named cross-defendants when the same have been ascertained. Cross-Complainant is informed and believes, and based upon such information and belief alleges that each cross-defendant designated as a ROE is responsible under law in some manner for the events and happenings referred to herein.

6.       At all times herein mentioned, each Cross-Defendant was acting as an agent, servant, employee, special employee, alter ego, successor in interest, partner, joint venturer, lessee, and/or licensee of each of the other cross-defendants, within the course and scope of said relationship.  In addition, each Cross-Defendant authorized, ratified and approved the acts of each of the other Cross-Defendants.

///

///

///

///

2

CROSS-COMPLAINT

**FIRST CAUSE OF ACTION**

**CONVERSION**

(Against All Cross-Defendants)

7.  Cross-Complainant incorporates by reference the allegations in the preceding paragraphs of the Cross-Complaint as though fully set forth herein.

8.  Mr. Zheng is the rightful owner of certain personal property, including but not limited to two items of jewelry (rings).

9.  In or around February 2024 and continuing thereafter, Cross-Defendant M.M. took certain personal property of Mr. Zheng, including but not limited to the aforementioned jewelry.

10.  Cross-Defendants intentionally and substantially interfered with Mr. Zheng's personal property by taking and wrongfully dispossessing Mr. Zheng of his personal property. Mr. Zheng is informed and believes, and based thereon alleges, that Cross-Defendant M.M. is in possession of more than $200,000 worth of Mr. Zheng's jewelry.

11.  Mr. Zheng did not consent in any manner to Cross-Defendants' taking of Mr. Zheng's jewelry at issue for Cross-Defendants' own personal use or Cross-Defendants' retention of the jewelry after Mr. Zheng demanded its return.

12.  In converting the property of Mr. Zheng as alleged above, Cross-Defendants acted intentionally to wrongfully dispose of the property of Mr. Zheng. Cross-Defendants' conduct that deprived Mr. Zheng of his rightful possession was knowingly and/or intentionally done.

13.  Despite Mr. Zheng's demand for Cross-Defendants to repay and/or return Mr. Zheng's jewelry, Cross-Defendants have not returned the jewelry worth in excess of $200,000 to Mr. Zheng. Cross-Defendants' conduct was a substantial factor in causing Mr. Zheng's harm.

14.  As a direct and proximate result of Defendants' converting Mr. Zheng's jewelry, the Mr. Zheng has been damaged in an amount to be proven at trial, but well in excess of the minimum jurisdiction of this Court. Defendants' unauthorized transfer of Mr. Zheng's property

3

caused substantial damages to Mr. Zheng.

15. Pursuant to Civil Code Section 3336, Mr. Zheng is entitled to recover the value of the property at the time of the conversion, with the interest from that time or an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable, and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted.

16. Pursuant to Civil Code Section 3336, Mr. Zheng is also entitled to recover fair compensation for the time and money properly expended in pursuit of the property converted.

17. Such conduct and/or omissions by Cross-Defendants were intentional, fraudulent, and malicious under the definition set forth in Civil Code Section 3294. Accordingly, Mr. Zheng is entitled to exemplary and/or punitive damages under Civil Code Section 3294.

## SECOND CAUSE OF ACTION

## TRESPASS TO CHATTELS

### (Against All Cross-Defendants)

18. Cross-Complainant incorporates by reference the allegations in the preceding paragraphs of the Cross-Complaint as though fully set forth herein.

19. Mr. Zheng has a right to access any and all of his personal property.

20. Cross-Defendants substantially interfered with Mr. Zheng's personal property, including but not limited to certain jewelry.

21. Mr. Zheng did not consent to this interference.

22. The interference by Cross-Defendants was a substantial factor in causing harm to Mr. Zheng.

23. As a result of Cross-Defendants' conduct alleged herein, Mr. Zheng is entitled to recover the actual damages suffered by reason of the impairment of the property and/or the loss of its use.

24. Such conduct and omissions were intentional, fraudulent, and malicious under the definition set forth in Civil Code Section 3294. Accordingly, Mr. Zheng is entitled to exemplary and/or punitive damages under Civil Code Section 3294.

4

## THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

### (Against All Cross-Defendants)

25. Cross-Complainant incorporates by reference the allegations in the preceding paragraphs of the Cross-Complaint as though fully set forth herein.

26. Cross-Defendants engaged in the wrongful conduct alleged herein, including but not limited to converting Mr. Zheng's personal property.

27. Cross-Defendants thereby have been unjustly enriched and have unjustly acquired benefits, at the expense of and to the detriment of Mr. Zheng.

28. Those unjustly retained benefits include, but are not limited to use of Mr. Zheng's real property and vehicles.

29. The retention of these benefits by Cross-Defendants is and would be unjust.

30. Cross-Defendants unjustly and wrongfully caused those benefits to be conferred upon them by means of mistake, fraud, coercion, or request.

31. Mr. Zheng is accordingly entitled to restitution of all amounts by which Cross-Defendants have been unjustly enriched.

## FOURTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (Against All Cross-Defendants)

32. Cross-Complainant incorporates by reference the allegations in the preceding paragraphs of the Cross-Complaint as though fully set forth herein.

33. Cross-Defendants negligently inflicted emotional distress upon Mr. Zheng by wrongfully withholding the Passport of Mr. Zheng's minor child, such that Mr. Zheng was forced to leave his minor child in the care of Cross-Defendant M.M. Said conduct was intentional and malicious, and done for the sole purpose of causing Mr. Zheng to suffer mental anguish, including fear and shock, as well as physical and emotional distress.

34. As a further proximate result of Cross-Defendants' actions, Mr. Zheng suffered severe mental anguish, as well as physical and emotional distress, and has been injured in a sum to be determined at trial according to proof.

35. The extreme emotional distress suffered by Mr. Zheng was caused by Cross-

Defendants' conduct, and Cross-Defendants knew, or should have known, that their conduct was unlawful. Notwithstanding this knowledge, Cross-Defendants, with gross and unreasonable negligence, subjected Mr. Zheng to cruel and unjust hardship in conscious disregard or negligent disregard of Mr. Zheng's rights.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Cross-Defendants)

36.     Cross-Complainant incorporates by reference the allegations in the preceding paragraphs of the Cross-Complaint as though fully set forth herein.

37.     Cross-Defendants intentionally inflicted emotional distress upon Mr. Zheng by wrongfully withholding the Passport of Mr. Zheng's minor child, such that Mr. Zheng was forced to leave his minor child in the care of Cross-Defendant M.M. Said conduct was intentional and malicious, and done for the sole purpose of causing Mr. Zheng to suffer mental anguish, as well as physical and emotional distress.

38.     As a further proximate result of Cross-Defendants' actions which constitute "extreme and outrageous conduct," Mr. Zheng suffered severe mental anguish, as well as physical and emotional distress, and has been injured in a sum to be determined at trial according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Cross-Complainant HAO ZHENG prays for judgment against Plaintiff and Cross-Defendant M.M. and DOES 1 through 10 as follows:

1.   For compensatory damages, in an amount at least $200,000;

2.   For exemplary and punitive damages, in an amount subject to proof at trial and in excess of the minimum jurisdiction of this Court;

3.   For pre- and post-judgment interest;

4.   For recovery of the actual value of the converted property, including the amount recoverable pursuant to Civil Code Section 3336 according to proof at trial;

5.   For indemnification for loss caused by conversion, pursuant to Civil Code Section 3336, in an amount according to proof at trial;

6. For fair compensation for the time and money properly expended in pursuit of the property converted, pursuant to Civil Code Section 3336, in an amount according to proof at trial;

7. For specific recovery of Mr. Zheng's property;

8. For costs of suit; and

9. For any other and further relief that the court considers proper.

## REQUEST FOR JURY TRIAL

Cross-Complainant HAO ZHENG hereby demand a jury in the trial of this matter.

Dated:  September 18, 2024        THE GREEN FIRM, P.C.

_____

By Noah Green,
*Attorneys for Defendant and Cross-Complainant*
*HAO ZHENG*

7

CROSS-COMPLAINT

**PROOF OF SERVICE**

I am employed in the County of Los Angeles.  I am over the age of 18 years and not a party to the within action.  My business address is 301 E. Colorado Boulevard, Suite 708, Pasadena, CA 91101.

On the date set forth below, I served the foregoing documents described as **CROSS-COMPLAINT OF DEFENDANT/CROSS-COMPLAINANT HAO ZHENG** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

Chase T. Tajima, Esq.
Gregory E. Eisner, Esq.
Trepanier Tajima LLP
4605 Lankershim Blvd., Suite 540
North Hollywood, CA 91602
chase@trepaniertajima.com
greg@trepaniertajima.com

☐ **(BY MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☒ **(BY ELECTRONIC SERVICE)**
I caused such documents to be emailed to the above addressee's email addresses as stated above.

☒ **(STATE)**
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2024 at Pasadena, California.

_____
Dana Johnson

PROOF OF SERVICE