# EXHIBIT D

9

Chase T. Tajima (SBN 304063)
*chase@trepaniertajima.com*
Gregory E. Eisner (SBN 190135)
*greg@trepaniertajima.com*
TRÉPANIER TAJIMA LLP
4605 Lankershim Blvd., Suite 540
North Hollywood, California 91602
Telephone: (323) 487-1101

Attorneys for Plaintiff and Cross-Defendant
M.M.

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/22/2024 10:22 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

| | |
|---|---|
| M.M., an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>HAO ZHENG, an individual; HOLLYWOOD AND VINE RESIDENCES ASSOCIATION; and DOES 1-30,<br><br>    Defendants.<br>_____<br>HAO ZHENG,<br><br>    Cross-Complainant,<br><br>    v.<br><br>MM; and ROES 1-50,<br><br>    Cross-Defendants. | Case No. 24STCV17698<br><br>**M.M'S ANSWER TO HAO ZHENG'S CROSS-COMPLAINT**<br><br><br>Dept.:          19<br>Judge:         Hon. Stephanie M. Bowick<br>Complaint filed:   July 16, 2024<br>Cross-Complaint filed: September 18, 2024<br>Trial Date:     None set |

Plaintiff and Cross-Defendant M.M. ("Cross-Defendant") hereby responds to the unverified

Cross-Complaint ("Cross-Complaint") filed by Defendant and Cross-Complainant HAO ZHENG

("Zheng") as follows:

### GENERAL DENIAL

Cross-Defendant, pursuant to Code of Civil Procedure section 431.30(d), generally and

Case No. 24STCV17698         1
M.M.'S ANSWER TO HAO ZHENG'S CROSS-COMPLAINT

specifically denies the allegations of the Cross-Complaint, and further denies that Zheng has been damaged or injured in any amount or sum, or at all, by reason of any act or omission on the part of Cross-Defendant.

As separate and distinct affirmative defenses to the Cross-Complaint and to each allegation contained therein, Cross-Defendant hereby alleges the following:

### FIRST AFFIRMATIVE DEFENSE

#### (FAILURE TO STATE CAUSE OF ACTION)

The Cross-Complaint fails to state facts sufficient to constitute a cause of action against Cross-Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (COMPARATIVE FAULT)

At all times set forth in the Cross-Complaint, Zheng was careless and negligent; that any and all injuries and/or damages, if any, Zheng sustained as set forth in the Cross-Complaint or otherwise, were directly and proximately caused and contributed to by the carelessness and negligence of Zheng, as aforesaid; and if Zheng is entitled to recover damages, any damages awarded shall be diminished in proportion to the amount of negligence attributable to Zheng.

### THIRD AFFIRMATIVE DEFENSE

#### (NEGLIGENCE OF OTHERS)

The injuries, losses or damages alleged in the Cross-Complaint may have been caused in whole or in part by other persons or entities for whom or which Cross-Defendant is not accountable and over whom or which Cross-Defendant had neither control nor right of control. Cross-Defendant is entitled to apportionment of fault among all persons and entities whose acts or omissions contributed to the occurrence and extent of the alleged injuries, damages and/or losses, and a judgment and declaration of indemnification and contribution in favor of Cross-Defendant and against all other persons and entities with the apportionment of fault.

### FOURTH AFFIRMATIVE DEFENSE

#### (SEVERAL LIABILITY FOR NON-ECONOMIC DAMAGES)

The provisions of California Civil Code section 1431.2 are applicable to the Cross-Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (NO DUTY/NO BREACH OF DUTY)

Zheng's causes of action are barred as against Cross-Defendant in that Cross-Defendant owed Zheng no contractual, statutory or common law duty, or otherwise, and breached no duty owed to Zheng.

## SIXTH AFFIRMATIVE DEFENSE

### (STATUTE OF LIMITATIONS)

The Cross-Complaint is barred by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure §§318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 335.1, 336, 336(a), 336(b), 336a, 336a(1), 336a(2), 337, 337(1), 337(2), 337(3), 337(4), 337.1, 337.1(a), 337.2, 337.5, 337.5(1), 337.5(2), 337.5(3), 337.15, 337.15(a), 338, 338(a), 338(b), 338(c), 338(d), 338(e), 338(f), 338(g), 338(h), 338(i), 338(j), 338(k), 338(l), 338(m), 338.1, 339, 339(1), 339(2), 339(3), 339.5, 340, 340(a), 340(b), 340(c), 340(d), 340(e), 340.15, 340.6, 341, 341a, and 343.

## SEVENTH AFFIRMATIVE DEFENSE

### (INTERVENING/ SUPERSEDING CAUSES)

The injuries and damages of which Zheng complains were proximately caused by or contributed to by the acts of other persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Zheng complains, thus barring Zheng from any recovery against Cross-Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (NO PROXIMATE CAUSE)

Plaintiff's claim is barred as against Cross-Defendant in that the conduct of Cross-Defendant was not the proximate cause of Zheng's alleged injuries and damages.

## NINTH AFFIRMATIVE DEFENSE

### (WAIVER AND RELEASE)

Zheng waived and released all claims against Cross-Defendant for the type of injury alleged in the Cross-Complaint, so that Zheng's action against Cross-Defendant is barred by the doctrines of waiver and release.

**TENTH AFFIRMATIVE DEFENSE**

**(JUSTIFICATION)**

The Cross-Complaint and each alleged cause of action set forth therein is barred because Cross-Defendant's actions were justified and Cross-Defendant, at all times, acted in good faith.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(PRIVILEGE)**

The Cross-Complaint and each alleged cause of action set forth therein is barred because Cross-Defendant had a privilege to perform the acts and inactions alleged in the Cross-Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

Zheng has engaged in conduct and activities with respect to the subject of this litigation, and due to said activities and conduct, is estopped from asserting any claims for damages or seeking any other relief against Cross-Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE)**

If Zheng suffered or sustained any damages, either as alleged in the Cross-Complaint or at all, such damage occurred because Zheng was unreasonable in and about the matters alleged in the Cross-Complaint in that he did not take reasonable precautions to avoid or reduce any actual or potential damage.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(LACHES)**

Zheng's claims are barred because Zheng had actual or constructive notice of the injury or wrong asserted and waited an unreasonable delay or lapse in time before asserting any right of action, there exists no reasonable excuse for the delay, and the unreasonable delay has prejudiced Cross-Defendant to the extent that Zheng's right of action is barred on the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(CONSENT)**

Zheng's claims are barred on the grounds that Zheng consented to Cross-Defendant's purported

conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (NO INTENT)

Cross-Defendant did not have the state of mind necessary to formulate any intent that is an element of any of the claims made and therefore the action is barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (NOT WILLFUL NOR MALICIOUS)

Zheng's claims are barred because the alleged conduct of Cross-Defendant was neither willful nor malicious.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Violation of Constitutional Rights)

Zheng is not entitled to recover any punitive or exemplary damages as prayed for in the Cross-Complaint on the grounds that any award of punitive or exemplary damages under California law in general and/or any such award under California law as applied to the facts of the specific action would violate the answering Cross-Defendant's constitutional rights under provisions of the California Constitution and the Constitution of the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

### (UNCLEAN HANDS)

Cross-Defendant is informed and believes, and on such information and belief, alleges that Zheng seeks equitable relief from this court, but has failed to act equitably; therefore, Zheng is barred from relief by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

### (RESERVATION OF ADDITIONAL DEFENSES)

Cross-Defendant presently has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. Cross-Defendant reserves his right to assert additional defenses in the event that discovery indicates that they would be appropriate.

TRÉPANIER
TAJIMA LLP
LOS ANGELES

Case No. 24STCV17698

5

M.M.'S ANSWER TO HAO ZHENG'S CROSS-COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(OFFSET)

Zheng owes money to Cross-Defendant or otherwise has damaged Cross-Defendant such that after such amounts are offset, Cross-Defendant owes nothing to Zheng.

## PRAYER

WHEREFORE, Cross-Defendant prays for judgment as follows:

1. That Zheng take nothing by reason of the Cross-Complaint;

2. That judgment be entered in favor of this answering Cross-Defendant;

3. That this answering Cross-Defendant be awarded costs of suit herein; and

4. For such other and further relief as the court may deem just and proper.

Dated: October 22, 2024

TRÉPANIER TAJIMA LLP

_____
Chase T. Tajima
Gregory E. Eisner
Attorneys for Plaintiff and Cross-Defendant M.M.

TRÉPANIER
TAJIMA LLP
LOS ANGELES

Case No. 24STCV17698

6

M.M.'S ANSWER TO HAO ZHENG'S CROSS-COMPLAINT

## PROOF OF SERVICE

**M.M. v. HAO ZHENG, HOLLYWOOD AND VINE RESIDENCES ASSOCIATION**
**Case No. 24STCV17698**
**Superior Court of California, Los Angeles County**

I am over the age of 18 and not a party to the within action.  My business address is 4605 Lankershim Blvd., Suite 540, North Hollywood, California 91602.

On October 22, 2024, I served the following document(s) described as:

**M.M.'s ANSWER TO HAO ZHENG's CROSS-COMPLAINT**

by serving a true copy of the above-described document(s) to:

| Noah Green<br>The Green Firm, P.C.<br>301 E. Colorado Blvd.,<br>Suite 708<br>Pasadena, CA 91101<br>626-395-7686<br>noah@gspattorneys.com<br>Dana Johnson - Paralegal<br>dana@gspattorneys.com<br><br><br>Attorney for Defendant<br>HAO ZHENG | Jeff C. Hsu, Esq.<br>Natalie Z. Fournier, Esq.<br>Murphy, Pearson, Bradley<br>& Feeney, P.C.<br>550 S. Hope St, Suite 2170<br>Los Angeles, CA 90071<br>213-327-3500<br>JHsu@MPBF.com<br>nfournier@mpbf.com<br>Princess McKinley-Legal Assistant<br>pmckinley@mpbf.com<br><br>Attorneys for Defendant<br>HOLLYWOOD<br>AND VINE RESIDENCES ASSN | Kim Schumann<br>Michelle L. Arevalo<br>Schumann Arevalo LLP<br>30 Corporate Park, Suite 100<br>Irvine, CA 92606<br>714-850-0210<br>schumann@scarlaw.us<br>ml.arevalo@scarlaw.us<br>Rachel DeSantis-Legal Assistant<br>desantis@scarlaw.us<br><br><br>Attorneys for Defendant<br>HOLLYWOOD<br>AND VINE RESIDENCES ASSN |

and I served it in the following manner:

☐    by depositing it in sealed envelope in a U.S. Postal Service mailbox.

☐    by depositing it in a sealed envelope in a U.S. Postal Service mailbox maintained at the office complex of Trépanier Tajima LLP.

☐    by depositing it in a sealed envelope in a U.S. Postal Service mailbox at my residence.
☐    by handing it to a messenger courier service or registered process server for the delivery of documents by hand in accordance with the instructions provided the messenger courier service or registered process server on the same day.

| X | by emailing it to the addressee(s) listed above pursuant to Code of Civil Procedure section 1010.6 and California Rules of Court, rule 2.251(c)(3). |

| | by depositing it in a sealed envelope and delivering it to an overnight delivery service with instructions to deliver it to the addressee(s) above. |

I declare that I am employed in the office of a member of the Bar of the State of California at whose direction this service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 22, 2024, at North Hollywood, California.

_____
Amy Noland