Chase T. Tajima (SBN 304063)
*chase@tajimallp.com*
Patrick Y. Yoo (SBN 302282)
*patrick@tajimallp.com*
**TAJIMA LLP**

4605 Lankershim Blvd., Suite 540
Los Angeles, California 91602
Telephone: (323) 487-1101

Attorneys for Creditor
M.M. (also known as Matthew Mimiaga)

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>HAO ZHENG,<br><br>       Debtor. | **M.M.'S NOTICE OF MOTION AND MOTION TO REMAND REMOVED STATE COURT ACTION TO LOS ANGELES COUNTY SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| M.M.,<br><br>       Plaintiff,<br><br>    v.<br><br>HAO ZHENG,<br><br>       Defendant. | Adv. Case No.: 2:26-ap-01138<br><br>Chapter 7 Case No.: 2:26-bk-15344<br><br>Los Angeles County Superior Court Case No.: 24STCV17698<br><br>Date:        TBD[1]<br>Time:       TBD<br>Courtroom:  1545 |

[1] The date and time are TO BE DETERMINED. M.M. has filed, or will file, on the same date these papers are filed, an application for order setting hearing on shortened time. Pursuant to LBR 9075-1(b), notice of the hearing date and opposition date will be provided upon an order on the application for order setting hearing on shortened time.

Case No. 2:26-bk-15344-NB
Case No. 2:26-ap-01138-NB

**TO DEBTOR HAO ZHENG, THE CHAPTER 7 TRUSTEE, THE UNITED STATES TRUSTEE, ALL PARTIES TO THE REMOVED ACTION, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on TBD at TBD, or as soon thereafter as the matter may be heard, in Courtroom 1545 of the above-captioned Court, located at 255 East Temple Street, Los Angeles, California 90012, Movant/Creditor M.M. (also known as Matthew Mimiaga) will and hereby does move for an order remanding the removed action, *M.M. v. Hao Zheng, et al*., Los Angeles County Superior Court Case No. 24STCV17698, to the Superior Court of the State of California, County of Los Angeles.

This Motion is brought under 28 U.S.C. §§ 1334(c)(1), 1334(c)(2), 1446, and 1452(b), Federal Rules of Bankruptcy Procedure 5011 and 9027, and all other applicable authority. Remand is required because this nonbankruptcy action is based on California law, is at most "related to" Debtor Hao Zheng's bankruptcy case, could not have been commenced in federal court absent bankruptcy jurisdiction, was already pending in a state forum of appropriate jurisdiction, and can be timely adjudicated in that forum. Alternatively, the Court should abstain and remand in the interests of justice, comity, respect for state law, judicial economy, and equitable grounds. To the extent Debtor Zheng attempts to rely on diversity jurisdiction, that argument fails because he has not properly alleged diversity and, in any event, the time to remove on diversity grounds expired long ago.

This Motion is based on this Notice, the following Memorandum of Points and Authorities, the Declaration of Chase T. Tajima filed concurrently herewith, the pleadings and papers on file in this adversary proceeding, the bankruptcy case[2], and the State Court Action, and any argument or evidence the Court may consider at or before the hearing.

---

[2] All ECF No. references herein in this Notice, as well as the Memorandum of Points and Authorities, refer to the Bankruptcy action, not the adversary action.

Case No. 24TRCV02378                                            ii

NOTICE OF MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, ISSUE, EVIDENTIARY AND MONETARY SANCTIONS

TRÉPANIER
TAJIMA LLP
Los Angeles

Date: June 10, 2026                TAJIMA, LLP

Chase T. Tajima
Attorneys for M.M. (also known as Matthew Mimiaga)

Case No. 24TRCV02378                                iii

TRÉPANIER
TAJIMA LLP
Los Angeles

NOTICE OF MOTION FOR TERMINATING SANCTIONS, OR IN THE ALTERNATIVE, ISSUE, EVIDENTIARY AND
MONETARY SANCTIONS

## **TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................1

II.   RELEVANT BACKGROUND.............................................................................2

    A.   The Los Angeles Superior Court Lawsuits By and Against Debtor Hao Zheng.............................................................................................................2

    B.   The State Court Has Already Managed This Case Through Significant Litigation Activity For Two Years..................................................................3

    C.   Debtor Filed Bankruptcy After Being Unable to Continue Trial ..................3

III.  LEGAL STANDARD ...........................................................................................5

    A.   Mandatory Abstention as Grounds for Remand Under 28 U.S.C. § 1334(c)(2) ....................................................................................................5

    B.   Equitable Remand Grounds Are Independent and Broad..............................7

    C.   Diversity Jurisdiction Must Be Properly Alleged and Timely Invoked ........8

IV.   ARGUMENT.........................................................................................................8

    A.   Remand is Required Because the Factors for Mandatory Abstention Are Met............................................................................................................8

        1.   This Motion Is Timely. .......................................................................8

        2.   The State Court Action Is Based On State-Law Claims......................9

        3.   The Proceeding Is, At Most, "Related To" Zheng's Bankruptcy Case And Is Not A Core Proceeding. ..................................................9

        4.   There Is No Independent Basis For Federal Jurisdiction. ...................9

        5.   The Action Was Commenced In A State Forum Of Appropriate Jurisdiction. ......................................................................................10

        6.   The Superior Court Can Timely Adjudicate The Action...................10

    B.   Discretionary Abstention and Equitable Remand Independently Require Remand ...........................................................................................10

        1.   Remand Will Promote Efficient Administration Of The Estate.........10

        2.   State-law issues predominate, and bankruptcy issues are absent from the merits. ...............................................................................11

        3.   The Superior Court Is The Appropriate Court To Apply Its Own Orders And California Law. ..............................................................11

        4.   The Action Was Commenced In State Court And Had Already Reached Trial. ...................................................................................11

5.   There Is No Jurisdictional Basis Other Than Bankruptcy Jurisdiction. ...................................................................................11

6.   The Proceeding Is Remote From The Bankruptcy Case Except As A Claim-Liquidation Matter. .............................................12

7.   There Is No Substantive Core Proceeding To Retain. .........................12

8.   State-Law Claims Can Be Tried In State Court With Bankruptcy Issues Reserved To This Court. ...........................................12

9.   Retention Would Burden This Court With A Trial-Ready California Civil Action. ...................................................................13

10.  Zheng's Removal Is Forum Shopping And Tactical Delay. ..............13

11.  Jury-Trial Considerations Favor Remand. ............................................13

12.  The Equities Favor Remand. .................................................................14

C.   Diversity Jurisdiction Does Not Support Removal. .......................................14

V.   CONCLUSION.................................................................................................14

TRÉPANIER
TAJIMA LLP
Los Angeles

# TABLE OF AUTHORITIES

## CASES

*In re Conejo Enterprises, Inc.*, 96 F.3d 346, 349
   (9th Cir. 1996)............................................................................................6, 12

*In re Lazar*, 200 B.R. 358, 381
   (Bankr. C.D. Cal. 1996)...................................................................6, 7, 9, 10

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167
   (9th Cir. 1990).............................................................6, 7, 9, 10, 11, 12, 13

## STATUTES

28 U.S.C. § 1332............................................................................................9, 15

28 U.S.C. § 1334.............................................................................................1, 7

28 U.S.C. § 1446.............................................................................................2, 9

28 U.S.C. § 1446(b) ..........................................................................................14

28 U.S.C. § 1446(c) ..........................................................................................15

28 U.S.C. § 1452.........................................................................................1, 5, 7

Bankruptcy Rule 9027 .........................................................................................5

TRÉPANIER
TAJIMA LLP
Los Angeles

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Movant seeks remand so the Los Angeles County Superior Court ("LASC") may finish what was already on the verge of trial when Debtor/Defendant Hao Zheng first filed his Chapter 7 petition and then, on the morning trial was set to proceed on his Cross-Complaint, filed a notice of removal. The Court should remand to the LASC that has already managed it through two years of pleadings, discovery, sanctions, deemed admissions, trial filings, motions in limine, final status conference rulings, and trial readiness.

The State Court Action (*M.M. v. Zheng* (LASC No. 24STCV17698) is a California civil action involving California statutory, tort, property, contract, and equitable claims. The Complaint arises from Zheng's hidden-camera invasion of privacy, retaliatory and unlawful self-help eviction, breach of the covenant of quiet enjoyment, trespass, conversion of personal property, conversion of a Range Rover, failure to compensate Mimiaga for childcare services and expenses, unfair competition, negligence, and related claims. Zheng's Cross-Complaint likewise asserts only California claims.

Mandatory abstention applies under 28 U.S.C. § 1334(c)(2). The State Court Action is based on state-law claims; it is, at most, "related to" Zheng's bankruptcy case; there is no independent federal jurisdiction; the action was commenced in a state forum of appropriate jurisdiction; and the state forum can timely adjudicate the action because the case had already reached the final status conference and trial stage.

Alternatively, discretionary abstention under 28 U.S.C. § 1334(c)(1) and equitable remand under 28 U.S.C. § 1452(b) overwhelmingly support remand. Judicial economy, comity, respect for state law, avoidance of duplicative litigation, the LASC's familiarity with the case, the absence of bankruptcy-law issues, the jury-trial posture, and Zheng's forum-shopping all favor remand. **Debtor removed the day of the June 9, 2026 trial date, demonstrating bad faith, dilatory intent, and calculated measures to increase the increase the expense of litigation for Movant**.

Finally, Zheng cannot avoid remand by invoking diversity jurisdiction. Debtor's deadline to remove on diversity grounds expired long ago--- thus, he has waived diversity jurisdiction. The Complaint was filed July 16, 2024; Zheng filed the Cross-Complaint on September 18, 2024; and a removal filed in June 2026 is outside both the 30-day removal period and the one-year limitation for diversity removals under 28 U.S.C. § 1446.

For these reasons, the Court should remand this action to Los Angeles County Superior Court.

## II.      RELEVANT BACKGROUND

### A.      The Los Angeles Superior Court Lawsuits By and Against Debtor Hao Zheng

Movant is the plaintiff and cross-defendant, and Debtor Hao Zheng is the defendant and cross-complainant, in *M.M. v. Hao Zheng, et al*., Los Angeles Superior Court Case No. 24STCV17698, assigned to the Hon. Doreen Boxer in Department 311 [formerly Department 19]. The complaint was filed on July 16, 2024. Debtor Hao Zheng filed a cross-complaint on September 18, 2024. The Final Status Conference was set for May 29, 2026 at 9:30 a.m., and trial was set for June 9, 2026. Tajima Decl., ¶¶2–3.

The Complaint arises from Debtor's hidden-camera invasion of privacy, retaliatory and unlawful self-help eviction, breach of the covenant of quiet enjoyment, trespass, conversion of personal property, conversion of a Range Rover, failure to compensate Movant for childcare services and expenses, unfair competition, negligence, and related claims. The complaint alleges, among other things, that Movant and Debtor were in a romantic relationship, but when Movant, who was living in Debtor's Condo as a tenant, discovered a smart camera in an air-conditioning vent in Movant's bedroom and ended the relationship, Debtor retaliated by self-help evicting Movant from the condominium without notice or compliance with eviction laws, and stealing and disposing of Movant's personal property and vehicle. ECF No. 17-1.

The Cross-Complaint is a retaliatory filing by Debtor who claims that Movant stole items of jewelry, withheld Debtor's son's passport, was unjustly enriched by his generosity, and inflicted emotional distress. ECF No. 17-3.

**B.     The State Court Has Already Managed This Case Through Significant Litigation Activity For Two Years**

Since this action was started in 2024, the LASC has managed this case for two years through significant litigation activity. Debtor's litigation misconduct in the State Court Action long precedes his bad-faith bankruptcy petition filing. First, in October 2025, the state court imposed monetary sanctions on Debtor in the amount of $22,900 [which to date has still not been paid] and issued adverse evidentiary inference sanctions against him in connection with Debtor's spoliation and sale of the Condo where the spy camera had been discovered/was located, and where Movant's personal property was left after Debtor engaged in self-help to evict Movant. The Court ordered that the factfinder would be permitted to infer that Debtor spoliated the Condo because the evidence therein stood to prejudice him. Tajima Decl., ¶6.

Second, beginning in or around August 2025, Debtor stopped communicating with his attorneys, the Green Firm, P.C., and effectively abandoned the litigation for almost a year. Debtor failed to take any litigation action after the firm was relieved as counsel, or have new counsel make a formal appearance. Tajima Decl., ¶7. During that period, Movant and Defendant Hollywood and Vine Residences Association (who is now dismissed from the action pursuant to settlement) both obtained deemed admissions on their respective Requests for Admission against Debtor for failure to participate in written discovery. Tajima Decl., ¶8. Movant's Requests for Admission, in particular, had Debtor admit factual predicates and/or liability on every cause of action in the Complaint, and the falsity of the allegations in Debtor's cross-complaint.

**C.     Debtor Filed Bankruptcy After Being Unable to Continue Trial**

On May 4, 2026, the Court conducted the hearing on Defendant Hollywood and Vine Residences Association's own Motion to Deem RFAs Admitted as to Debtor. At the hearing, at Movant counsel's request, the Court set a Status Conference for May 12, 2026 as to status of settlement between Movant and Defendant Hollywood and Vine

Residences Association, and to discuss the logistics of how to proceed to trial against the absent Debtor. Tajima Decl., ¶9.

On May 12, 2026, an attorney Haixiao Li of Fang Chen Law appeared at the Status Conference, claiming to represent Debtor, and requested a trial continuance. The state court indicated that Attorney Li had not filed a formal notice of appearance, and denied the request. Attorney Li indicated that she would get a notice of appearance on file. Tajima Decl., ¶10.

Over the next few days, Movant counsel called Attorney Li numerous times and sent various emails, inquiring when her firm would file a formal notice of appearance, and indicating that counsel needed to meet and confer over trial filings. On calls, Attorney Li did not address the meet and confer obligations, and reiterated only the need for a trial continuance, to which Movant's counsel refused to stipulate. Tajima Decl., ¶11.

On or about May 18, 2026, Attorney Li represented for the first time that her office would not be representing Debtor after all, advising that Zheng "Andy" Liu would be taking over the representation. Tajima Decl., ¶12. On or about May 18, 2026, Movant counsel called Attorney Liu, who indicated that he had just been provided the case over the weekend, inquired about a trial continuance stipulation [which Movant's counsel rejected] and represented would be in touch with his client and contact Movant counsel back to discuss. Tajima Decl., ¶13. However, from May 19 to May 22, 2026, Attorney Liu ignored or failed to respond to the vast majority of over a dozen phone calls and numerous emails regarding representation and meet and confer obligations. Tajima Decl., ¶14.

Instead, at 9:57 a.m. on May 20, 2026, Attorney Liu, while still not having filed a formal notice of appearance, purported to give ex parte notice of an application to continue trial to be heard on May 21, 2026. No ex parte papers were ever served or filed. Tajima Decl., ¶15. Twice now, Debtor attempted to have counsel secure him a trial continuance, and twice, they were unsuccessful.

On May 21, 2026, after Debtor failed to meet and confer over any joint trial filings, Movant proceeded to file trial filings alone on his own behalf, and on May 22, 2026,

lodged trial binders with the Court. Tajima Decl., ¶19. Even after the trial filings were filed on May 21, 2026 and trial binders were lodged on May 22, 2026, Movant counsel continued to try and reach Debtor counsel, who continued to ignore phone calls, voicemails, and emails. Tajima Decl., ¶20.

On May 28, 2026, at 10:10 p.m., hours before the Final Status Conference, Debtor filed the bankruptcy petition in this Court, and then filed a Notice of Automatic Stay in the State Court Action. Tajima Decl., ¶21. However, on May 29, 2026, the Court proceeded with the Final Status Conference as to Debtor's Cross-Complaint, which is not stayed because it is not against the Debtor. Tajima Decl., ¶22. At the Final Status Conference, the state court granted three of Movant's five motions in limine as to the Cross-Complaint: (1) to exclude evidence and argument contrary to the deemed admitted RFAs; (2) to exclude Zheng's witnesses and evidence for failure to comply with trial preparation order/failure to meet and confer; and (5) to exclude Zheng's witnesses not disclosed in discovery. Trial was set to proceed on the Cross-Complaint on June 9, 2026. Tajima Decl., ¶22.

On June 9, 2026, Movant's counsel appeared at the continued FSC and trial, prepared to proceed with trial on the Cross-Complaint. Debtor did not appear for trial. Instead, at 7:30 a.m. on June 9, 2026, Debtor filed a Notice of Removal in this Court, commencing an adversary proceeding and purporting to remove "all causes of action" in the Los Angeles County Superior Court action under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027. Tajima Decl., ¶¶24–25.

### III.    LEGAL STANDARD

### A.    Mandatory Abstention as Grounds for Remand Under 28 U.S.C. § 1334(c)(2)

Mandatory abstention under 28 U.S.C. § 1334(c)(2) is an independent ground for remand. The statute provides that, upon timely motion, the district court "shall abstain" from hearing a proceeding that satisfies the statutory criteria. Where a case has been removed from state court, mandatory abstention requires remand because the federal court should not adjudicate the removed proceeding.

Mandatory abstention applies where the proceeding: (1) is subject to a timely motion; (2) is based on a state-law claim or cause of action; (3) is related to a bankruptcy case but does not arise under title 11 or arise in a case under title 11; (4) could not have been commenced in federal court absent § 1334 bankruptcy jurisdiction; (5) has been commenced in a state forum of appropriate jurisdiction; and (6) can be timely adjudicated in that state forum. *See In re Lazar*, 200 B.R. 358, 381 (Bankr. C.D. Cal. 1996).

A removed prepetition state-law action may be subject to mandatory abstention even though one party has filed bankruptcy. In *Conejo*, the Ninth Circuit addressed a prepetition state-law action removed after a bankruptcy filing and noted that the district court held the state action "was a non-core proceeding subject to mandatory abstention under 28 U.S.C. § 1334(c)(2)." *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 349 (9th Cir. 1996). The Ninth Circuit also rejected the idea that filing a bankruptcy proof of claim merges the state-law action into the bankruptcy claim, explaining that "[b]oth continue to exist, and must be considered, separately." *Id.*

The core/non-core distinction is central. A state-law claim does not become core merely because it may affect the estate or liquidate a creditor's claim. In *Tucson Estates*, the Ninth Circuit explained that the bankruptcy court "mistakenly confused the question whether the homeowners were entitled to judgment in state court that could serve as the basis for a claim in bankruptcy court, with the treatment of the claim in the bankruptcy." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990). Section 1334 permits "the duality of allowing a claim to be adjudicated to final judgment in state court while preserving the issues of the status and enforceability of the claim to the bankruptcy court." *Id.*

The mandatory-abstention factors therefore focus on the nature and posture of the removed proceeding: whether it is a state-law, non-core, related-to proceeding; whether there is no independent federal jurisdiction; whether the action was already commenced in state court; and whether the state court can timely adjudicate it.

## B.    Equitable Remand Grounds Are Independent and Broad

Equitable remand is independently available under 28 U.S.C. § 1452(b). Section 1452(b)'s "any equitable ground" language is broader than ordinary remand standards.

In *Lazar*, the bankruptcy court explained that "[t]he factors that courts consider in deciding whether to remand on equitable grounds are essentially the same as those previously considered under discretionary abstention." *In re Lazar*, 200 B.R. 358, 386–87 (Bankr. C.D. Cal. 1996).

The Ninth Circuit's discretionary-abstention factors include:

1. The effect or lack thereof on efficient administration of the estate;
2. The extent to which state-law issues predominate over bankruptcy issues;
3. The difficulty or unsettled nature of applicable law;
4. The presence of a related proceeding commenced in state court or other nonbankruptcy court;
5. The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
7. The substance rather than form of an asserted core proceeding;
8. The feasibility of severing state-law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
9. The burden on the bankruptcy court's docket;
10. The likelihood that commencement of the proceeding in bankruptcy court involves forum shopping;
11. The existence of a right to a jury trial; and
12. The presence in the proceeding of nondebtor parties.

*In re Tucson Estates*, 912 F.2d at 1167 [listing factors].

These factors are not mechanical; they are applied practically to determine whether the federal bankruptcy forum should retain the dispute.

In *Tucson Estates*, the Ninth Circuit held that abstention was supported where

"state law issues predominate over bankruptcy issues," there was "prior litigation of those issues which had already begun in state court," there was a "lack of a federal jurisdictional basis other than bankruptcy jurisdiction," the proceeding was "related rather than core," there was "ease of permitting completion of the state court litigation while reserving the judgment's enforcement to the bankruptcy court," there was "forum shopping to avoid imminent defeat in state court," and there was a "right to a jury trial in state court." *Id*. at 1169. The Ninth Circuit also emphasized that state litigation may facilitate bankruptcy administration where it liquidates claims and does "not interfere with the bankruptcy proceedings." *Id*. at 1168–69 [state litigation "would not interfere with the bankruptcy proceedings but would in fact facilitate them by liquidating" claims].

Accordingly, equitable remand is appropriate where the removed action is a long-pending state-law case, the state court has already invested substantial judicial resources, state-law issues predominate, federal jurisdiction exists—if at all—only because of bankruptcy, the proceeding is non-core or merely related to the bankruptcy case, trial was imminent or underway, jury-trial rights are implicated, and removal appears designed to obtain delay or a tactical forum shift.

**C.      Diversity Jurisdiction Must Be Properly Alleged and Timely Invoked**

To the extent Debtor attempts to rely on diversity jurisdiction as an independent basis for removal, he bears the burden to establish it. Diversity removal must comply with strict timing rules. Under 28 U.S.C. § 1446(b), a defendant generally must remove within 30 days after receiving the initial pleading or other paper from which removability may be ascertained. Under 28 U.S.C. § 1446(c) (1), a case may not be removed under § 1332 more than one year after commencement of the action unless the district court finds that the plaintiff acted in bad faith to prevent removal.

**IV.     ARGUMENT**

**A.      Remand is Required Because the Factors for Mandatory Abstention Are Met**

**1.      This Motion Is Timely.**

Mimiaga brings this Motion promptly (one day) after Zheng's June 9, 2026 Notice

of Removal. Tajima Decl., ¶25. No meaningful federal or bankruptcy proceedings have occurred that could weigh against abstention or remand. *See In re Lazar*, 200 B.R. at 381 [first mandatory-abstention element is "a timely motion"].

### 2. The State Court Action Is Based On State-Law Claims.

There are only state law claims alleged in both the Complaint and Cross Complaint. ECF Nos. 17-1, 17-3.

### 3. The Proceeding Is, At Most, "Related To" Zheng's Bankruptcy Case And Is Not A Core Proceeding.

This action does not arise under title 11 because no claim is created by the Bankruptcy Code. It does not arise in a case under title 11 because the claims existed before the bankruptcy case and could exist entirely outside bankruptcy. The claims are ordinary state-law claims between Mimiaga and Zheng. The only bankruptcy connection is that the result may liquidate claims against Zheng or affect the bankruptcy estate by determining whether Mimiaga has a claim and in what amount.

That is "related to" jurisdiction at most. The Ninth Circuit has cautioned that courts should not over-label state-law disputes as core proceedings. *In re Tucson Estates*, 912 F.2d at 1167 [bankruptcy court "mistakenly confused the question whether the homeowners were entitled to judgment in state court that could serve as the basis for a claim in bankruptcy court, with the treatment of the claim in the bankruptcy"]. The Ninth Circuit further explained that "allowance and disallowance of claims" is distinct from whether plaintiffs "have a claim to bring to the bankruptcy court in the first place." *Id*. at 1167. Likewise here, the Superior Court should determine whether Mimiaga has a state-law claim and in what amount; this Court can later address the status, treatment, enforcement, discharge, or dischargeability of any resulting claim.

### 4. There Is No Independent Basis For Federal Jurisdiction.

The State Court Action could not have been commenced in federal court absent § 1334. There is no federal question. The pleadings assert California claims. Nor has Zheng established diversity jurisdiction. As explained below, Zheng has failed to allege

citizenship adequately, and any attempt to remove on diversity grounds is untimely.

### 5. The Action Was Commenced In A State Forum Of Appropriate Jurisdiction.

The LASC is the appropriate jurisdiction and has been for two years. Zheng removed only on the day of trial to stop the trial.

### 6. The Superior Court Can Timely Adjudicate The Action.

The Superior Court can timely adjudicate the action because it had already done everything necessary to bring the case to trial. The final status conference was set for May 29, 2026, and trial was set for June 9, 2026. Tajima Decl., ¶3. Mimiaga had already filed trial filings and lodged trial binders. Tajima Decl., ¶19. The Superior Court had already proceeded with the final status conference as to Zheng's Cross-Complaint and ruled on motions in limine. Tajima Decl., ¶22. Counsel appeared on June 9, 2026 prepared to proceed with trial. Tajima Decl., ¶24.

A case that was literally at trial is not merely capable of timely adjudication in state court; it was already being timely adjudicated in state court before Zheng removed it. This factor strongly favors mandatory abstention. *See In re Lazar*, 200 B.R. at 381 [mandatory abstention requires that "the state court action can be timely adjudicated"].

### B. Discretionary Abstention and Equitable Remand Independently Require Remand

### 1. Remand Will Promote Efficient Administration Of The Estate.

Remand will assist, not hinder, administration of the estate. The State Court Action will determine whether Mimiaga has a claim against Zheng, the amount of that claim, and the factual basis for any liability. The Superior Court is positioned to do so quickly because the case is trial-ready. Tajima Decl., ¶¶19, 22, 24.

The Ninth Circuit has approved allowing state litigation to proceed where it facilitates claim liquidation. *In re Tucson Estates*, 912 F.2d at 1168–69 [state litigation "would not interfere with the bankruptcy proceedings but would in fact facilitate them by liquidating" claims]. Retaining the removed action would require this Court to reconstruct

a two-year state-court record involving discovery, sanctions, deemed admissions, trial-preparation orders, motions in limine, evidentiary limitations, and state-law claims. That would duplicate work and delay liquidation of Mimiaga's claims.

**2.      State-law issues predominate, and bankruptcy issues are absent from the merits.**

State-law issues predominate entirely. The Complaint and Cross-Complaint assert only California causes of action. Tajima Decl., ¶2.

**3.      The Superior Court Is The Appropriate Court To Apply Its Own Orders And California Law.**

This case is governed by California law and California procedure. The Superior Court has already issued sanctions, managed discovery, deemed admissions, addressed trial preparation, and ruled on motions in limine as to the Cross-Complaint. Tajima Decl., ¶¶6, 8, 19, 22. That court is best situated to interpret and apply its own orders and to try the case under California law. *See In re Tucson Estates*, 912 F.2d at 1168 ["state law governs" the disputed issues, supporting state-court adjudication].

**4.      The Action Was Commenced In State Court And Had Already Reached Trial.**

The action was commenced in Los Angeles County Superior Court on July 16, 2024, long before the bankruptcy petition and long before the Notice of Removal. Tajima Decl., ¶2. It was not removed at an early stage. It was removed on the morning trial was set to proceed on Zheng's Cross-Complaint, after Mimiaga appeared prepared for trial and Zheng did not. Tajima Decl., ¶¶23-24. This factor strongly favors remand. *See In re Tucson Estates*, 912 F.2d at 1169 [abstention favored where there was "prior litigation of those issues which had already begun in state court"].

**5.      There Is No Jurisdictional Basis Other Than Bankruptcy Jurisdiction.**

There is no federal question. Diversity jurisdiction has not been properly invoked and, in any event, cannot support removal at this stage. The absence of a non-bankruptcy jurisdictional basis strongly favors abstention and remand. *See In re Tucson Estates*, 912

F.2d at 1169 [abstention favored where there was a "lack of a federal jurisdictional basis other than bankruptcy jurisdiction"].

**6.      The Proceeding Is Remote From The Bankruptcy Case Except As A Claim-Liquidation Matter.**

The State Court Action is related to the bankruptcy case only because it may liquidate Mimiaga's claim against Zheng. That connection supports remand, not retention, because the Superior Court can liquidate the claim while this Court retains control over estate administration, enforcement, claim allowance, and dischargeability issues. *In re Tucson Estates, 912 F.2d at 1167* ["section 1334 supports the duality of allowing a claim to be adjudicated to final judgment in state court while preserving the issues of the status and enforceability of the claim to the bankruptcy court"].

**7.      There Is No Substantive Core Proceeding To Retain.**

Zheng cannot convert this state-law action into a core proceeding by filing bankruptcy or by removing the action under § 1452. The claims existed independently of bankruptcy and can be adjudicated in state court. The substance, not the label, confirms that the proceeding is non-core. *In re Conejo Enterprises*, 96 F.3d at 349 ["the filing of a claim does not consolidate it with the pending state law case … Both continue to exist, and must be considered, separately"].

**8.      State-Law Claims Can Be Tried In State Court With Bankruptcy Issues Reserved To This Court.**

The most efficient division of labor is straightforward: the Superior Court should try the state-law claims and enter judgment, while this Court retains jurisdiction over bankruptcy-specific consequences, including enforcement against estate property, claim allowance, priority, discharge, and dischargeability. This is especially appropriate because the Superior Court had already brought the case to trial. Tajima Decl., ¶¶19, 22, 24. *See In re Tucson Estates*, 912 F.2d at 1169 [abstention favored where there was "ease of permitting completion of the state court litigation while reserving the judgment's enforcement to the bankruptcy court"].

**9.      Retention Would Burden This Court With A Trial-Ready California Civil Action.**

Keeping the action here would burden this Court with a California civil case that another court has already managed for nearly two years. The state-court record includes pleadings, discovery, sanctions, deemed admissions, trial filings, trial binders, and motions in limine. Requiring this Court to absorb that record would be inefficient.

**10.      Zheng's Removal Is Forum Shopping And Tactical Delay.**

The timing speaks for itself. Zheng effectively abandoned the State Court Action, failed to participate in trial preparation, attempted unsuccessfully through would-be counsel to obtain a continuance, filed bankruptcy at 10:10 p.m. hours before the final status conference, and then filed a Notice of Removal at 7:30 a.m. on June 9, 2026, the morning trial was set to proceed on his Cross-Complaint. Tajima Decl., ¶¶7, 10–15, 19–22, 24–25.

Removal under these circumstances is not a legitimate effort to resolve bankruptcy issues. It is the latest attempt to avoid the trial consequences of Zheng's own nonparticipation and failed continuance efforts. This factor strongly favors remand. *See In re Tucson Estates*, 912 F.2d at 1168–69 [bankruptcy filing after "six years after the commencement of the state court litigation" and after an adverse summary judgment ruling suggested "the filing's purpose was to avoid an unfavorable state court judgment"]; id. at 1169 [abstention favored where there was "forum shopping to avoid imminent defeat in state court"].

**11.      Jury-Trial Considerations Favor Remand.**

The State Court Action includes legal claims for damages that may carry jury-trial rights. The Superior Court was already prepared to conduct trial and had managed the parties' trial filings and motions in limine. Tajima Decl., ¶¶19, 22, 24. Remand avoids unnecessary complications regarding jury-trial rights in bankruptcy court. *See In re Tucson Estates*, 912 F.2d at 1169 [abstention favored where there was a "right to a jury trial in state court"].

### 12.    The Equities Favor Remand.

The equitable factors are lop-sided. Mimiaga prepared the case for trial, filed trial materials, lodged trial binders, appeared at the continued final status conference and trial, and was ready to proceed. Tajima Decl., ¶¶19, 24. Zheng did not appear for trial and instead removed the case that morning. Tajima Decl., ¶24 Remand is necessary to prevent bankruptcy removal from being used to disrupt an imminent state-court trial.

### C.    Diversity Jurisdiction Does Not Support Removal.

Debtor's invocation of removal on diversity grounds is untimely. Under 28 U.S.C. § 1446(b), a defendant must generally remove within 30 days after receipt of the initial pleading or other paper from which removability may be ascertained. Under 28 U.S.C. § 1446(c)(1), a case may not be removed under § 1332 more than one year after commencement of the action unless the district court finds that the plaintiff acted in bad faith to prevent removal.

The Complaint was filed July 16, 2024. Zheng filed his Cross-Complaint on September 18, 2024. Tajima Decl., ¶2. The June 9, 2026 removal came nearly two years after commencement of the action and long after any 30-day diversity-removal deadline. There is no basis to conclude that Mimiaga acted in bad faith to prevent removal. To the contrary, the record shows Zheng delayed, failed to participate, sought continuances, filed bankruptcy on the eve of the final status conference, and then removed on the morning trial was set to proceed. Tajima Decl., ¶¶7, 10–15, 19–25.

Moreover, Debtor not only forewent removal years ago, but by filing a cross-complaint in state court, effectively waived removal by taking part in active litigation in the state court.

Diversity jurisdiction therefore provides no basis to retain this action.

### V.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant this Motion, abstain from hearing the removed action, and remand *M.M. v. Hao Zheng, et al.*, Los Angeles County Superior Court Case No. 24STCV17698, to the Superior Court of the

State of California, County of Los Angeles.

Date: June 10, 2026                    TAJIMA, LLP

 

_____

Chase T. Tajima
Attorneys for M.M. (also known as Matthew Mimiaga)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4605 LANKERSHIM BLVD., SUITE 540, LOS ANGELES, CA 91602

A true and correct copy of the foregoing document entitled (*specify*): _____
M.M.'S NOTICE OF MOTION AND MOTION TO REMAND REMOVED STATE COURT ACTION TO LOS ANGELES
COUNTY SUPERIOR COURT; MEMORANDUM OF POINTS AND AUTHORITIES _____
_____
will be served or was served ~~(a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and~~ **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/10/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Andy.Liu@AptumLaw.us , 4662851420@filings.docketbird.com , bjliuzheng@recap.email , hkoscarlam@gmail.com
sleslie@trusteeleslie.com , trustee@trusteeleslie.com , C195@ecfcbis.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/10/2026 | Chase T. Tajima | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**