Chase T. Tajima (SBN 304063)
*chase@tajimallp.com*
Patrick Y. Yoo (SBN 302282)
*patrick@tajimallp.com*
**TAJIMA LLP**
4605 Lankershim Blvd., Suite 540
Los Angeles, California 91602
Telephone: (323) 487-1101

Attorneys for Creditor/Movant
M.M. (also known as Matthew Mimiaga)

## UNITED STATES BANKRUPTCY COURT,

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>HAO ZHENG,<br><br>        Debtor.<br><br>_____<br><br>M.M.,<br><br>        Plaintiff,<br><br>   v.<br><br>HAO ZHENG,<br><br>        Defendant. | **DECLARATION OF CHASE T. TAJIMA IN SUPPORT OF M.M.'S APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br><br>Adversary Case No.: 2:26-ap-01138-NB<br><br>Chapter 7 Case No,:2:26-bk-15344-NB<br><br>Los Angeles County Superior Court Case No.: 24STCV17698<br><br><br>Date:          TBD<br>Time:         TBD<br>Courtroom:   1545 |

Case No. 2:26-bk-15344-NB
Case No. 2:26-ap-01138-NB

TAJIMA LLP
Los Angeles

DECLARATION OF CHASE T. TAJIMA

## DECLARATION OF CHASE T. TAJIMA

I, Chase T. Tajima, declare as follows:

1.    I am an attorney licensed to practice law before the courts of the State of California.  I am a partner in the law firm of Tajima LLP, attorneys of record for Movant M.M. (also known as "Matthew Mimiaga"), who is also Plaintiff and Cross-Defendant in the Los Angeles Superior Court action entitled *M.M. v. Hao Zheng, et al.*, Case No. 24STCV7698 (the "State Court Action"). I make this declaration in support of Movant's Application for Order Setting Hearing on Shortened Notice. The facts stated herein are personally known to me, and if called as a witness, I could and would competently testify to the truth of the facts set forth herein.

2.    Movant seeks an order setting a hearing on shortened notice on his motion for relief from the automatic stay and motion to remand so that he may proceed in the pending Los Angeles County Superior Court action entitled *M.M. v. Hao Zheng, et al.*, Case No. 24STCV17698 (the "State Court Action"), to trial and judgment, while leaving any enforcement or collection of any resulting judgment against Debtor Hao Zheng or property of the bankruptcy estate subject to further order of this Court.

3.    Movant is the plaintiff and cross-defendant in the State Court Action. Debtor Hao Zheng is a defendant and cross-complainant in that action. The State Court Action is pending in the Los Angeles County Superior Court, Stanley Mosk Courthouse, and is assigned to the Honorable Doreen Boxer in Department 311.

4.    The State Court Action was filed on July 16, 2024. Debtor filed a Cross-Complaint in the State Court Action on September 18, 2024.

5.    The State Court had set a final status conference for May 29, 2026, and trial for June 9, 2026. By the time Debtor filed his bankruptcy petition, the State Court Action had been litigated for nearly two years and had reached the trial-ready stage.

6.    Before Debtor filed bankruptcy, Movant had completed and filed extensive trial materials in the State Court Action, including trial briefing, witness and exhibit

materials, jury instructions, voir dire materials, motions in limine, and related trial submissions. Movant also lodged trial binders with the State Court and prepared exhibit binders.

7.    Debtor had effectively abandoned the State Court Action for a substantial period before trial. Beginning in or around August 2025, Debtor stopped communicating with his former counsel, and after that counsel was relieved, Debtor failed to appear in propria persona or have new counsel formally appear for an extended period.

8.    During Debtor's nonparticipation, Movant obtained deemed admissions against Debtor based on Debtor's failure to provide court-ordered further responses to requests for admission. Defendant Hollywood and Vine Residences Association, which has since been dismissed after settlement with Movant, also obtained deemed admissions against Debtor.

9.    In October 2025, the State Court imposed monetary sanctions against Debtor in the amount of $22,900 and issued an adverse evidentiary inference sanction in connection with Debtor's sale and spoliation of the condominium where the camera at issue in the State Court Action had been discovered and where Movant's personal property had been left after Debtor's alleged self-help eviction.

10.    As trial approached, Debtor, through would-be counsel who had not formally appeared, attempted to obtain a continuance of the trial. On May 12, 2026, attorney Haixiao Li appeared at a status conference, claimed to represent Debtor, and requested a trial continuance. The State Court denied the request and noted that Attorney Li had not filed a formal notice of appearance.

11.    On or about May 18, 2026, Attorney Li advised that she would not be representing Debtor and that attorney Zheng "Andy" Liu would be taking over the representation. Attorney Liu then inquired about a stipulation to continue trial, which Movant's counsel declined.

12.    From May 19 through May 22, 2026, Attorney Liu failed to meaningfully

respond to repeated calls and emails from Movant's counsel regarding representation, trial preparation, and meet-and-confer obligations. On May 20, 2026, Attorney Liu purported to give ex parte notice of an application to continue trial, but no papers were timely served or filed. On May 21 and 22, 2026, after being unable to meet and confer with Debtor's counsel about any trial filings, Movant's counsel filed his trial filings alone and lodged them with the court.

13.    On May 28, 2026, at approximately 10:10 p.m., Debtor filed his Chapter 7 bankruptcy petition, hours before the May 29, 2026 final status conference in the State Court Action and less than two weeks before the June 9, 2026 trial date. Debtor then filed a notice of automatic stay in the State Court Action.

14.    As set forth in Movant's various motions, Movant asserts that the timing and circumstances of Debtor's bankruptcy filing strongly suggest that the petition was filed to delay or interfere with the imminent State Court trial. Debtor filed the petition only after unsuccessful efforts by would-be counsel to continue trial, and after Debtor failed to participate in joint trial preparation or submit his own trial filings.

15.    On May 29, 2026, the State Court proceeded with the final status conference as to Debtor's Cross-Complaint. At that conference, the State Court granted three of Movant's five motions in limine pertaining to the Cross-Complaint, including motions to exclude evidence and argument contrary to deemed admitted requests for admission, to exclude Debtor's witnesses and evidence for failure to comply with trial preparation obligations and failure to meet and confer, and to exclude witnesses not disclosed in discovery.

16.    On June 9, 2026, my colleague Patrick Y. Yoo and I appeared for the continued final status conference and trial, prepared to proceed with trial on the Cross-Complaint. Debtor did not appear for trial. Instead, at approximately 7:30 a.m. on June 9, 2026, Debtor filed a Notice of Removal in this Court, commencing an adversary proceeding and purporting to remove all causes of action in the State Court Action under

28 U.S.C. § 1452(a) and Bankruptcy Rule 9027. Debtor filed the Notice of Removal on the morning trial was set to proceed.

17. Movant seeks shortened notice not only because the automatic stay interrupted the State Court Action, but also because Debtor's removal filing created an additional procedural impediment to the State Court proceeding with a trial-ready action. A prompt hearing on stay relief and remand is necessary to determine whether the State Court Action should return to the court that had already managed it to trial.

18. If the motion to remand is not heard promptly, Debtor's morning-of-trial removal will have the practical effect of continuing or derailing the State Court trial, notwithstanding Movant's completed trial preparation, the State Court's prior trial-management work, and Debtor's failure to prepare for or appear at trial.

19. If the stay-relief motion is not heard promptly, the State Court Action will likewise remain stalled despite being ready for adjudication. Ordinary notice would materially prejudice Movant because delay itself is the harm: it preserves the effect of Debtor's eleventh-hour bankruptcy filing and morning-of-trial removal.

20. Movant asserts he has a prima facie basis for relief from stay under 11 U.S.C. § 362(d)(1) and motion to remand. The State Court Action involves predominantly California state-law claims, including claims for retaliatory eviction, unlawful self-help eviction, breach of the covenant of quiet enjoyment, trespass, conversion, invasion of privacy, intentional infliction of emotional distress, claim and delivery, contract and quasi-contract claims, unfair competition, and negligence. Debtor's Cross-Complaint asserts state-law claims for conversion, trespass to chattels, unjust enrichment, negligent infliction of emotional distress, and intentional infliction of emotional distress.

21. Movant also asserts judicial economy supports relief from stay because the State Court has already presided over the case for nearly two years and is familiar with the parties, claims, discovery history, sanctions, deemed admissions, evidentiary issues, and trial posture. Requiring the parties to restart or substantially duplicate that process in

Case No. 2:26-bk-15344-NB
Case No. 2:26-ap-01138-NB

TAJIMA LLP
Los Angeles

4

bankruptcy court would be inefficient and prejudicial.

22.     Movant's requested stay relief is limited. Movant seeks permission to proceed in the nonbankruptcy forum to trial and judgment, but does not seek authority to enforce or collect any resulting judgment against Debtor or property of the bankruptcy estate without further order of this Court. This limitation protects the bankruptcy estate while allowing the parties' claims and defenses to be liquidated in the forum that has already managed the action to trial.

23.     Movant also asserts he has a prima facie basis to seek remand of the removed State Court Action. The State Court Action is a long-pending state-law civil action that had already reached trial, was being managed by the Los Angeles County Superior Court, and was removed only on the morning trial was set to proceed. Prompt remand is necessary to prevent Debtor's removal from operating as a de facto trial continuance. Without remand, Debtor would be unfairly rewarded and continue to reap the benefits of his misconduct after abandonment of the case, failure to participate in trial preparation, and failures to appear at multiple mandatory hearing appearances like the FSC and trial.

24.     Movant also asserts the balance of hardships favors shortened notice. Movant has already incurred the expense of trial preparation and appeared ready for trial. Debtor, by contrast, had not participated in trial preparation, had not timely appeared through counsel, had not submitted trial filings, and filed bankruptcy only after trial-continuance efforts failed. Shortened notice will allow the Court to promptly determine whether the State Court Action should proceed without unnecessary loss of the State Court's trial setting and trial-management work.

25.     Shortened notice will allow this Court to promptly decide whether the State Court Action should proceed in the forum that had already handled the matter through trial readiness. Without shortened notice, Movant will suffer prejudice from the loss of the existing trial posture, wasted trial preparation, and further delay of claims that were ready for adjudication.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on June 10, 2026.

_____
Chase T. Tajima

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4605 LANKERSHIM BLVD., SUITE 540, LOS ANGELES, CA 91602

A true and correct copy of the foregoing document entitled (*specify*): _____
DECLARATION OF CHASE T. TAJIMA IN SUPPORT OF M.M.'S APPLICATION FOR ORDER SETTING HEARING
ON SHORTENED NOTICE
_____
will be served or was served ~~(a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and~~ **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/10/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Andy.Liu@AptumLaw.us , 4662851420@filings.docketbird.com , bjliuzheng@recap.email , hkoscarlam@gmail.com
sleslie@trusteeleslie.com , trustee@trusteeleslie.com , C195@ecfcbis.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/10/2026 | Chase T. Tajima | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**