Chase T. Tajima (SBN 304063)
*chase@tajimallp.com*
Patrick Y. Yoo (SBN 302282)
*patrick@tajimallp.com*
**TAJIMA LLP**

4605 Lankershim Blvd., Suite 540
Los Angeles, California 91602
Telephone: (323) 487-1101

Attorneys for Creditor/Movant
M.M. (also known as Matthew Mimiaga)

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>HAO ZHENG,<br><br>      Debtor.<br><hr>M.M.,<br><br>      Plaintiff,<br><br>      v.<br><br>HAO ZHENG,<br><br>      Defendant. | **DECLARATION OF CHASE T. TAJIMA IN SUPPORT OF M.M.'s MOTION TO REMAND STATE COURT ACTION TO LOS ANGELES SUPERIOR COURT**<br><br>Adv. Case No.: 2:26-ap-01138<br><br>Chapter 7 Case No.: 2:26-bk-15344<br><br>Los Angeles County Superior Court Case No.: 24STCV17698<br><br>Date:          TBD[1]<br>Time:         TBD<br>Courtroom:   1545 |

---

[1] The date and time are TO BE DETERMINED. M.M. has filed, or will file, on the same date these papers are filed, an application for order setting hearing on shortened time. Pursuant to LBR 9075-1(b), notice of the hearing date and opposition date will be provided upon an order on the application for order setting hearing on shortened time.

Case No. 2:26-bk-15344-NB
Case No. 2:26-ap-01138-NB

TAJIMA LLP
Los Angeles

DECLARATION OF CHASE T. TAJIMA

# DECLARATION OF CHASE T. TAJIMA

I, Chase T. Tajima, declare as follows:

1.      I am an attorney licensed to practice law before the courts of the State of California.  I am a partner in the law firm of Tajima LLP, attorneys of record for Movant M.M. (also known as "Matthew Mimiaga"), who is also Plaintiff and Cross-Defendant in the Los Angeles Superior Court action entitled *M.M. v. Hao Zheng, et al.*, Case No. 24STCV7698 (the "State Court Action"). I make this declaration in support of Movant's Motion to Remand Removed State Court Action to Los Angeles Superior Court. The facts stated herein are personally known to me, and if called as a witness, I could and would competently testify to the truth of the facts set forth herein.

2.      Movant M.M. is the plaintiff and cross-defendant in *M.M. v. Hao Zheng, et al.*, Los Angeles Superior Court Case No. 24STCV17698. Debtor Hao Zheng is a defendant and cross-complainant in that action. The State Court Action is assigned to the Hon. Doreen Boxer in Department 311 [formerly Dept. 19]. The Complaint in the State Court Action was filed on July 16, 2024. *See* ECF Nos. 17-1 [Complaint], 17-3 [Cross-Complaint], each attached to Debtor's Notice of Removal, ECF. No. 17.[2]

3.      At the January 27, 2025, Case Management Conference ("CMC"), the State Court set a Final Status Conference in the State Court Action for May 29, 2026 at 9:30 a.m., and trial for June 9, 2026. Debtor was represented by counsel at this CMC.

4.      Prior to filing a Motion for Terminating Sanctions Motion, or in the Alternative, for Issue, Evidentiary and/or Monetary Sanctions, Movant counsel had provided Debtor counsel numerous notices to preserve and not destroy evidence.

5.      On or around February 28, 2025, Movant counsel served a demand for inspection of the Condo for April 7, 2025. On or around June 2, 2025, Movant counsel served an amended inspection demand.

6.      In October 2025, Judge Boxer imposed monetary sanctions in the amount of

---

[2] All references to ECF Nos. in this Declaration refer to the bankruptcy action, not the adversary action.

$22,900 and issued an adverse evidentiary inference sanction against Debtor in connection with Debtor's sale (i.e., spoliation) of the Condo where the spy camera had been discovered/was located, and where Movant's personal property was left after Debtor engaged in self-help to evict Movant. Specifically, the adverse evidentiary inference sanction would allow factfinders to infer that the spoliated evidence would have prejudiced Debtor Zheng's position.

7.      Beginning in or around August 2025, Debtor stopped communicating with his attorneys, the Green Firm, P.C., and effectively abandoned the litigation for almost a year. Zheng failed to take any formal litigation action after the Green Firm was relieved as counsel. In a Declaration filed by the Green Firm, P.C., the Green Firm, P.C. declared that the last time they had contact with Debtor was in August 2025.

8.      During the period that Debtor effectively abandoned the litigation, Movant and Defendant Hollywood and Vine Residences Association (who is now dismissed from the action after settling with Movant) both obtained deemed admissions on their respective Requests for Admission against Debtor for failure to participate in written discovery. Attached as Exhibits A, B and C to the Supplemental Declaration of Chase T. Tajima in Support of M.M.'s Motion for Relief from Stay are true and correct copies of (A) Movant's Requests for Admission, Set One, against Debtor, (B) the Notice of Ruling that ordered further responses which, if not timely served, would render the RFAs deemed admitted, and (C) Movant's Notice of Non-Receipt of Further Responses which pursuant to the court's prior orders, rendered the RFAs deemed admitted.

9.      On May 4, 2026, the Court conducted the hearing on Defendant Hollywood and Vine Residences Association's own Motion to Deem RFAs Admitted as to Debtor. At the hearing, at Movant counsel's request, the Court set a Status Conference for May 12, 2026 as to status of settlement between Movant and Defendant Hollywood and Vine Residences Association, and to discuss the logistics of how to proceed to trial against Zheng who had abandoned the proceedings.

10. On May 12, 2026, an attorney Haixiao Li of Fang Chen Law appeared at the Status Conference, claiming to represent Debtor, and requested a trial continuance. Judge Boxer indicated that Attorney Li had not filed a formal notice of appearance and denied the request.

11. Over the next few days, I and/or my colleague counsel Patrick Yoo called Attorney Li numerous times and sent various emails, inquiring when her firm would file a formal notice of appearance, and indicating that counsel needed to meet and confer over trial filings. On calls, Attorney Li did not address the meet and confer obligations, and reiterated only the need for a trial continuance, to which our office refused to stipulate.

12. On or about May 18, 2026, before she ever filed a formal notice of appearance, Attorney Li represented for the first time that her office would not be representing Debtor after all, advising that Zheng "Andy" Liu would be taking over the representation of Debtor Zheng.

13. On or about May 18, 2026, we called Attorney Liu, who indicated that he had just been provided the case over the weekend, inquired about a trial continuance stipulation, which we rejected, and represented that he would be in touch with his client and contact us back to discuss.

14. From May 19, 2026 to May 22, 2026, Attorney Liu ignored or failed to respond to the vast majority of our office's dozen-plus phone calls and numerous emails regarding representation and meet and confer obligations.

15. Instead, at 9:57 a.m. on May 20, 2026, Attorney Liu, while still not having filed a formal notice of appearance, purported to give ex parte notice via email of an application to continue trial to be heard on May 21, 2026. No papers were served.

16. Despite numerous emails by Movant Counsel inquiring as to the status of the ex parte application, Attorney Liu responded only after business hours on May 20, 2026 that his notice contained a typo, that he intended to give notice for a hearing on May 22, 2026, and that he would re-serve notice.

Case No. 2:26-bk-15344-NB
Case No. 2:26-ap-01138-NB

TAJIMA LLP
Los Angeles

3

DECLARATION OF CHASE T. TAJIMA

17.     On May 21, 2026, Attorney Liu did not re-serve notice of the ex parte application nor file papers seeking a continuance as he stated he would do.

18.     All the while, Attorney Liu continued to ignore phone calls and voicemails regarding trial preparation.

19.     On May 21, 2026, after Debtor failed to meet and confer over any joint trial filings, Movant proceeded to file trial filings alone on his own behalf, and on May 22, 2026, lodged trial binders with the Court. Attached as Exhibit D to the Supplemental Declaration of Chase T. Tajima in Support of M.M.'s Motion for Relief from Stay is a true and correct copy of Movant's trial brief filed and lodged with the state court.

20.     Even after the trial filings were filed on May 21, 2026 and trial binders were lodged on May 22, 2026, Movant counsel continued to try and reach Debtor counsel, who continued to ignore phone calls, voicemails, and emails.

21.     According to the ECF-stamp on Petitioner's bankruptcy filing, Debtor filed his bankruptcy petition in this Court at 10:10 p.m., hours before the Final Status Conference, and then filed a Notice of Automatic Stay in the State Court Action.

22.     On May 29, 2026, my office appeared for the Final Status Conference, and the Court proceeded with the Final Status Conference as to Debtor's Cross-Complaint pursuant to *Shorr v. Kind*, 1 Cal.App.4th 249, 254-255 (1991). At the Final Status Conference, Judge Boxer granted three of Movant's five motions in limine that pertained to the Cross-Complaint: (1) to exclude evidence and argument contrary to the deemed admitted RFAs; (2) to exclude Zheng's witnesses and evidence for failure to comply with trial preparation order/failure to meet and confer; (5) to exclude Zheng's witnesses not disclosed in discovery.

23.     Trial was set to proceed on the Cross-Complaint on June 9, 2026. Attached as Exhibit E to the Supplemental Declaration of Chase T. Tajima in Support of M.M.'s Motion for Relief from Stay is a true and correct copy of the Notice of Rulings at Final Status Conference, including Motions in Limine.

24. On June 9, 2026, my colleague Patrick Yoo and I appeared at the continued FSC and trial, prepared to proceed with trial on the Cross-Complaint. Debtor did not appear for trial on June 9, 2026. Instead, at approximately 7:30 a.m. on June 9, 2026, Debtor filed a Notice of Removal in this Court, commencing an adversary proceeding and purporting to remove "all causes of action" in the Los Angeles County Superior Court action under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027.

25. A further status conference is set for June 23, 2026 to consider the rulings of this bankruptcy court as to the automatic stay and remand.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on June 10, 2026.

_____
Chase T. Tajima

TAJIMA LLP
Los Angeles

Case No. 2:26-bk-15344-NB

Case No. 2:26-ap-01138-NB

5

DECLARATION OF CHASE T. TAJIMA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

 4605 LANKERSHIM BLVD., SUITE 540, LOS ANGELES, CA 91602

A true and correct copy of the foregoing document entitled (*specify*): _____
DECLARATION OF CHASE T. TAJIMA IN SUPPORT OF M.M.'S MOTION TO REMAND STATE COURT ACTION TO
LOS ANGELES SUPERIOR COURT _____
_____
will be served or was served ~~(a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and~~ **(b)** in
the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
06/10/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

 Andy.Liu@AptumLaw.us , 4662851420@filings.docketbird.com , bjliuzheng@recap.email , hkoscarlam@gmail.com
 sleslie@trusteeleslie.com , trustee@trusteeleslie.com , C195@ecfcbis.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

06/10/2026    Chase T. Tajima _____    _____
*Date*              *Printed Name*                                  *Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**